Pennington, J.
— In the, venire issued by the justice below; the qualifications of the jurors are not so fully set out as they are described in tho act of Assembly; the words “being Citizens of th'is State, and freeholders in the county,” are omitted,' and the words “good and lawful men” inserted in lieu thereof; It has been determined by this Court, that this fault in the jury process is cured by verdict.* The objection in this1 Case however, was taken in time on the jury [*] being called. If therefore, the qualification of jurors obtained in the section of the act authorizing the justice to award .a venire, forms an essential part of the writ, then the justice erred in not granting the venire on the objection being taken; hut if this is to be considered as only a designation of the qualification of jurors in justice’s courts, then the veniré being in the ancient form, and containing the other requisite matter, would not constitute such an irregularity as to induce me to assent to the reversal of the judgment of the justice on that ground. 1 am not satisfied that the twentieth section of the justice’s act imperiously requires all the qualifications of jurors, there marked out to be inserted in the venire, although I think it most correct to do it; the parties may have their challenges as well without as with, in case unqualified men ¿ire summoned for jurors. I perceive that the venire sept tip is. á printed form, and probably used in a considerable district of the State; if we exact such strictness there is no calculating the number of judgments that may be sbakenby it. If however, any. wrong or injustice could possibly grow out of tins' form of the venire, I should think it my duty to encounter the inconvenience; but I consider it at most an error in foraf, arid by ño means affecting a right or interest; I cannot; for thésé reasons, bring my miñd to assent to the reversal ó'ñ this ground.
Another reason’ assigned for the reversal of this judgment is, that the state of demand is informal, and does not contain a cause of action ; the demand charges the defendant below, Maxy Sharp, for one year’s rent for a lot of land which she agreed to give forty-five dollars for tile year eighteen hundred and eight, to commence on the 25th of March, eighteen hundred and nine. Tiré wotd eight had *506 heen expunged, and the word nine written in lieu thereof; the date of the commencement of the lease must be a mistake, but such a mistake as might have been explained to the jury, or they would not have found a verdict for [*] the plaintiff below. It would also have been more correct to have described the land; but in a justice’s court where exactness is not required, it must be considered sufficient after verdict. I am therefore, for the affirmance.of the judgment.
In this opinion the other Judges concurred.
Judgment affirmed.

 State Rep. 97.